Please all rise. Hear ye, hear ye, hear ye. This Honorable Attellate Court for the 2nd Judicial District is now open. Pursuant to adjournment, the Honorable Don C. Hudson will resign. Good morning. Please be seated. Your Honor, this case is Docket 3-16-0579. The plaintiff, Don Celle, will be listed in the Special Administrator of the Appendix. Michael Moncelle, deceased plaintiff appellant. D. Justice Mary McDade, Justice Vicki Wright, and Justice Mary K. O'Brien, defendants at least. Arguing on behalf of the plaintiff appellant. Mr. Peter A. M. Vukovich, arguing on behalf of the defendants at least. Ms. Janelle E. Pavlina. Good morning, Mr. Vukovich. On behalf of the appellant, we may proceed. May it please the Court, Adrienne Vukovich, on behalf of Patricia Moncelle, appellant. She's brought this case individually and as Special Administrator of the estate of her husband, Mike Moncelle. Counsel, I'm going to ask you to keep your voice up, please. It's a big room, even though we have microphones. We have people in the back who need to hear, and we need to hear, please. I'm sorry. Yes, I'll try to do my best with that. So this case arises out of an automobile accident in which Mike Moncelle was killed. The truck he was driving was driven on behalf of a company called Air Cap, and it was owned by another entity with a similar name. Ms. Moncelle, then represented by a lawyer named Jim Walker, filed a lawsuit against her. You know, I'm going to just stop you real quickly. We are fully aware of the facts of the case. So if you want to start, tell us what you think the issues are and where we should go from here. Yes, Your Honor. I'm sorry about that. No, no, that's okay. The issue is this on this case. Ms. Moncelle filed a complaint against three justices for the third appellate district, and it was transferred here. And the trial court dismissed that complaint really based on three things related. One is that there was a prior decision from this court, a Rule 23 decision written by Judge Burkett, in which Judge Burkett made statements that the complaint which had been filed in a previous case was insufficient, shall we say. Used different language, but that's what it amounted to. Counsel, I apologize. I'm going to interrupt you because I have several questions that, one, I would appreciate being able to ask you. You indicated, page 19 of your brief, that the appellate justices do not have jurisdiction to enter trial court orders. What does that mean as applied to this case? They actually did enter an order, a Rule 23 disposition. Appellate court justices certainly have jurisdiction and the authority to do that. Can you explain that? Sure. The meaning of that statement is this, is that when a case is appealed, the appellate court, whichever appellate court we're dealing with, is confined to the record from the trial court. So appellate court can affirm, can reverse, can modify, can vacate, can revamp. But the one thing an appellate court can't do is enter an order within the record, the trial court record, that's different. So that statement is that by stating in the Rule 23 disposition that the trial court dismissed counts of the second amended complaint, that that was in effect entering a trial court order dismissing counts. So was it not misunderstanding or erroneously perhaps interpreting what had been entered? How is that not what I just indicated? Well, first of all, we're back to a complaint. We're not on an evidentiary basis. Okay? And it's not an allegation that there's a procedural error. It's an allegation that the statements contained in the Rule 23 decision are not just incorrect because nobody's perfect, not even a judge. What? It's that knowing... Careful, you're being recorded. I understand. It's that knowing that there was no such order that dismissed counts, that it is not just a procedural error. And how did the court know that it was not an order dismissing counts and only striking paragraphs? Maybe we can help you here by arriving at a different or taking a different approach. Let me see if I can call out the essence of what you're alleging here. You're alleging that when the appellate justices erroneously misinterpreted the trial court's order, they ended up dismissing entire counts, entire claims when the federal trucking regulations should have remained, correct? I think that's part of what you're saying. Yes. Is that correct? Okay. In doing that, they then brought the plaintiff's case within the doctrine of res judicata. That was then applied and then erroneously deprived the plaintiffs of their opportunity to have a day in court on the merits. Is that sort of the gist of what you're saying? It is, except I respectfully disagree with the use of the word erroneous because, again, it's back to the allegations of the complaint. And I think the central allegations of the complaint are that there was an intentional fabrication of an order. Let's take that one step further. Yes, sir. Because the issue is we have to, when we review this case on appeal de novo, we're going to be reviewing the allegations, if they're well-planned, as though they are true. But taking that and giving you the benefit of the doubt on the allegations, isn't the bottom line here, we're going to be called upon to consider the allegations against the justices in light of the doctrine of judicial immunity. Isn't that where this case ends up? For the most part, yes. Okay. So as you know, you're probably at this point very familiar with the doctrine of judicial immunity, correct? Yes, sir. So tell us specifically and succinctly why the doctrine of judicial immunity does not apply in this case. Sure. So although it's called absolute immunity, as usual, there's an exception in the law. So there are two exceptions. One is that the court did not have jurisdiction, and the other, which I don't think applies. And the other exception, which I do think applies, is that the act of the judge at issue was a nonjudicial act. Whether you're talking about Grunt v. Donovan or Gineris v. Foreman, that's the law. How is this a nonjudicial act, again, when there was a Rule 23 order entered? Well, it's not that a Rule 23 decision was issued that's permitted. It's not, but where it's different is this. It's not a judicial error. It's the allegation that the act of the justices was an intentional fabrication when, whether it was contained in the record, whether it was contained in the briefs of the Miss Monselle, whether it was in the motion for rehearing, whether it was in the petition for certificate of importance, or in the actual air cap and Mr. Gross's in their briefs where they said that even though no counts were actually dismissed, the court should not follow the reasoning of Piagentini. So it's undisputed and therefore known by the justices in all manner of levels that there was no count that was dismissed. Yet, knowing from a million different, well, not a million, from various sources that no count was dismissed, that the court went on to specifically say, and as a basis for its ruling, said that the complaint was properly dismissed based on res judicata precisely because counts were dismissed. And so that's the factual allegation that it was intentional, and it was intentional because it was known, and that it was fabricated. Now, what does fabricated mean? That's what I was going to ask you. And then also if you could address where that allegation is specifically in the complaint, that there was an intentional fabrication. So you're saying, well, maybe you ought to explain what you mean by the word fabrication. Sure. I think that's crucial here because the complaint has a lot of allegations, maybe too many allegations. Let me just, when you were talking about the case with Judge Burkett, Justice Burkett, at that juncture, they were alleging that there was a forgery, and now in this appeal you're alleging that there is a fabrication. Is that correct? So the forgery is abandoned and now it's the fabrication. To be honest with you, I think the complaint that we're talking about in this case used both words, but it mainly used the words fabricate. Going back to your question now. Fabricate. So what does fabricate mean? It's not forgery because forgery, there has to be, I believe, an actual document. Whereas fabricate, if you look up the definition of fabricate, it is to invent, to create. There does not have to be a piece of paper. And so where Judge Burkett was critical of the plaintiff in that case and others were critical, well, there's no order that the appellate court created. Nobody is saying that the appellate court created a false order, put it in the record, and then based its decision on it. That's not the allegations of the complaint. The central allegations are that they fabricated, created, invented an order that said that counts were dismissed when none actually were dismissed and then relied on the nonexistent fabricated order as a basis for its decision. And it did it intentionally. How do you distinguish between what you just described and a mistaken reading? Because it's not a mistake when, and it cannot be a mistake, or for purposes of the complaint and accepted as true, it cannot be a mistake if somebody is told that no such order exists. And in this case, the justices were told that from both parties, from Ms. Monsell and from the Air Cab defendants and Gross. And if that wasn't enough to be told in the initial briefs, it was restated, and it's in the complaint, nine times on the motion to reconsider, that there was no order that dismissed counts. And there is no order that dismissed counts. Counsel, would that matter in light of the fact that the court found Grace Rucotta barred the refinement of the claim? Would it matter if counts were dismissed or if they weren't dismissed? Yes, that's the whole case. And that is, if counts were dismissed under the Hudson case, in other end, Rain v. Noyes, res judicata, nobody can argue that anymore, unless you have one of those exceptions that we're not talking about. But when it's just particular paragraphs of a count under Piagentini v. Ford Motor Company, under the Laffey case, it's not, I mean, it's not just a question. They say it's not res judicata. So that was the difference here, is that the appellate court said counts were dismissed when they weren't, and then when it was brought to their attention, as if the record is not enough in the initial briefs, when it was brought to the court's attention twice more, I mean, almost to the point, and I think Mr. Walker said so in his complaint, to the point where he sought to draw a contempt order from the third district for accusing them of misconduct by saying that an order was entered dismissing counts, and there was no reaction. Now, I ask you, if the facts were flipped and a lawyer was told by a court 15 times there is no such order, and that lawyer persisted saying the opposite, that lawyer would be sanctioned. Well, the lawyer doesn't have the immunity that a judge does. How do you distinguish the Bradley case where our Supreme Court said regardless of the truth of the matter contained in the order, the judge in that case was absolutely immune from the suit? How do you distinguish that case from this case? I mean, it seems to me that that case is much more the judicial, the judge's behavior in that case was much more egregious than it was in this case. It's simply this, is that the judicial immunity cannot apply if a judge has fabricated evidence. Because it's not a judicial act. It has some intuitive appeal. I understand your argument. But if you look at Bradley v. Fisher, the Supreme Court has stated judges of courts of superior or general jurisdiction are not liable to civil actions for the judicial acts, even when such acts are in excess of the jurisdiction and are alleged to have been done maliciously or corruptly. Isn't that sort of what you're saying? No, because that's talking about jurisdiction, not a nonjudicial act. Well, you talked about jurisdiction. No, I said nonjudicial. That's a judicial act. You're saying the purposes for what it was done, I mean, if you're being blunt, you're saying it was done not by mistake. It was done intentionally, is that it? That's what the complaint alleges, yes, Your Honor. In taking that complaint in its light, as we have to give deference to, we still look at this case, Morales case, Supreme Court case 502 U.S. at 12. It says, rather a judge may be deprived of judicial immunity only where the action was taken in the absence of all jurisdiction. That is, without subject matter jurisdiction. I think you're conflating the issue of intent with subject matter jurisdiction. The case seems to turn on irrespective of the allegations. If the court had subject matter jurisdiction, the authority to rule, that's the key question, not the nature of the acts of the judge. Well, it has to. It cannot be a case that if a court has subject matter jurisdiction, that a court can do whatever it wants, including fabricating evidence. There cannot be a circumstance where that is protected conduct because it cannot, when it's intentional, because it is a nonjudicial act. So it cannot be protected by immunity or any other doctrine. Why do you describe a nonjudicial act? If it comes up in the context of a court ruling on an appeal, isn't ruling on an appeal a judicial act? The act of ruling is a judicial act. The act of issuing a Rule 23 decision is a judicial act. The act of allegation intentionally fabricating evidence, intentionally basing a decision on something that does not exist, and in fact intentionally misstates a trial court order to arrive at a decision, is not a judicial act. It can't be. But where is there a private cause of action for violation of the statutory provisions that you've alleged were violated, counsel? Realistically, that's the weakest part of the complaint. The allegations that the violation of the Tampering with Documents Act are official misconduct, those are not. Those are criminal statutes. Correct. But what that does tell you is this, is that the trial court ruled that sovereign immunity applies, and then the state's attorney picked up as to whether this case should be in the court of claims if anywhere. And with the allegations that there are violations of criminal statutes, in addition to the fact that the court exceeded its authority by intentionally fabricating evidence, which is the allegation, that's where that comes into play. But I concede that, though, there is no private cause of action. I'm not suggesting there is. Okay. We've exceeded your time on direct, but you'll have an opportunity to respond in rebuttal. Thank you. Thank you, Mr. Major. All right, Ms. Fabiano, on behalf of the appellees, you may proceed. May it please the Court, I'm Janet Fabiano. I'm an assistant attorney general here on behalf of the defendant appellees. The circuit court's judgment dismissing the plaintiff's complaint should be affirmed. This case is about a litigant who is unhappy with a Rule 23 order that was entered in a prior case and whether she can sue the justices who issued the order for monetary relief based upon their decision. And the answer is no. Judges are absolutely immune from liability for any actions taken within their judicial capacity. Well, let me stop you right there, because that seems to be the crux of what he's saying. I mean, we all recognize the breadth of the judicial immunity doctrine and narrow exceptions. But as he's setting an argument, what about a case where there was something even far more egregious than what he has alleged? The court goes rogue and deliberately and intentionally does something and makes something up. There's absolute immunity for that. It doesn't matter what the judges do, when they do it, or how they do it. It doesn't matter, as long as it's in the context of a ruling. Is that your position? That is true. It does not mean that there are no consequences to the judge, but they are immune from a suit for liability based on that. A civil suit. Yes, correct. And there is good reason for that. I mean, it's to protect the judicial process. Judicial immunity serves to protect both the finality of judgments as well as to protect judicial independence by insulating judges from vexatious lawsuits, from disgruntled litigants. Therefore, the plaintiff's action against the judges for monetary damages based upon what they said in a Rule 23 order is barred by judicial immunity. I mean, clearly the judges were acting within their judicial capacities when they prepared and issued the Rule 23 order, since that's a function they would normally perform. The plaintiff is trying to characterize their actions as entering a circuit court order, but that is a baseless claim. I mean, there's no evidence or there's no allegations in their complaint that they actually physically created a circuit court order. Well, now, you say that, in effect, that's what was done, but isn't that beyond the scope of a judge's authority to do that and, therefore, a wrongful act? I mean, still the complaint is they are complaining about what the judges have said in a Rule 23 order, and that is exactly what judicial immunity would protect against a suit based upon that. In addition, I mean, there is no allegations even to support their claim, though, that the defendants had fabricated an order by implication in writing the Rule 23 order. There was, in the 2005 action, the circuit court did enter judgments granting summary judgment on certain allegations regarding the Federal Motor Carrier Safety Code. So their complaint really just boils down to their allegations complaining about the manner in which the defendants had characterized those orders entered in the 2005 action. And, really, it's just an attempt to collaterally attack that, the defendants' argument. Well, in making your arguments, I mean, the plaintiffs, the appellants have raised the argument that, as you know, the court, their allegation was intentionally, but perhaps, you know, we use the phrase erroneously, disposed of entire counts, entire theories of recovery when, in fact, it appeared, in hindsight, that the Federal Trucking Regulations were cast aside. Are you contesting that? That there were any counts that were dismissed? Right. That the ruling was correct. Well, I mean, the ruling, the order, the Rule 23 order said that there were counts that were dismissed. Is that accurate? There were no full counts that were dismissed, but there's nothing to indicate that the order was doing anything other than just using general nonspecific language in describing the history in the circuit court order. And that wouldn't affect the doctrine of judicial immunity, would it? Absolutely not, no. So, I mean, judicial immunity applies here. The plaintiff's complaint is barred by judicial immunity, and for that reason alone, the circuit court's judgment should be affirmed. In my brief, I go into an alternative basis for affirming the circuit court's dismissal. Since those arguments were fully developed there, we will stand on a brief for those arguments. So it's your position, other than the two narrow exceptions that have already been carried out by case law, you're saying there are no other exceptions, irrespective of the egregious nature of the allegations. Is that your position? That is correct. Judicial immunity will apply whether or not, I mean, the courts have held whether or not, you know, a plaintiff is even alleging they've acted in excess of their authority, acted maliciously, acted corruptly. So, for these reasons, I guess the circuit court's judgment would be affirmed. Thank you. Mr. Booker, if you may respond. Okay, so, I don't, in general, this idea that you sue a judge because you don't like the outcome of a case, which is what counsel started off with, obviously is wrong. There's a whole segment of lawyers who blame judges when they don't win cases, because with litigation there's always a winner and a loser unless it settles and then everybody complains. So, that's not this case. You know, and the thing is, is that when you look at what's disputed and what's not disputed, it's not disputed that the defendants, the trucking defendants, and the underlying case on the eve of trial admitted liability. You know, and that's, that is, that is a whole other appeal, and I don't think we're, I don't know that anybody is looking at the facts of why that race judicata order was entered. The issue here is, did these judges intentionally make up facts in order to fit the disposition that they wanted to fit? Okay, but that's a factual question. The, the, really the issue is this, when you get down to it and you put the emotion aside, even though there's emotion in this case, is that there are allegations in this complaint that state that the justices intentionally fabricated an order, or excuse me, intentionally fabricated an order for the purpose of, of having, affirming the decision that there was rest judicata. That's the allegations. Now, the question is, I suppose, can, can a judge ever intentionally fabricate evidence and that be protected conduct? And I can't find a case, and none of us are going to, that that's protected conduct. Well, evidence and an order are two different things. So, are you talking about fabricating evidence? No, I'm talking about fabricating, the allegation is that the order was fabricated. Again, not a piece of paper, but that in writing the decision, the justices created, invented, the idea that this order dismissing counts existed. Maliciously? Intentionally. And then. So they kind of got, so what you're asking us, and I'm not being funny. Not at all. What you're asking us is that they would get together and say, okay, let's pretend that these are the facts so we can rule this way. Well, that gets to a motivational question, which is beside the point entirely. Isn't that a factual question, counsel? Motivation. No, but I didn't, Justice Shostak, really ask a question based, that's a factual question. It is a factual question. Right, so not motivational. Well, you're asking me, isn't that what the central allegations are? The allegations are that the justices decided to intentionally fabricate an order for the purpose of having a particular outcome of a decision. I mean, putting it in a very ugly, blunt manner, that's what the complaint alleges. And it seems to me that there's a factual question as to whether proof of an intentional act occurred. But in terms of does the complaint actually set forth allegations that state a cause of action, they do. Because it can never be within the act of a judge, a proper judicial act, to fabricate an order. But a cause of action for what? A cause of action was the cause of action. For what offense? Fabricating an order? Well, that's a form of, I mean, that would be a form of fraud. And that is one of the allegations in the complaint, is that when a judge does an illegal act and it affects the outcome of a case, that is actionable. And it's not just an error. The allegations are not just an error. It's that it's an intentional act and it's beyond what a judicial officer does. So the damages sought are the damages which Ms. Moncel was deprived of if the proper decision had been rendered. And so that should be actionable if that's what occurred. But if it occurred as a factual question, the complaint as unwelcome as it is and may be states a cause of action. Thank you. Any further questions? All right. Thank you very much, Your Honor. All right. I'd like to thank both counsel for the quality of the arguments presented here this morning. The matter will, of course, be taken under advisement. A written decision will issue in due course. And we stand adjourned subject to call. Thank you.